IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE BEUMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:13-cv-110 |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| TRANSWORLD SYSTEMS, INC. | ) | |
| d/b/a NORTH SHORE AGENCY | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### NATURE OF ACTION

1.     This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

### PARTIES

4.     Plaintiff Jesse Beumer ("Plaintiff") is a natural person who at all relevant times resided in the State of Ohio, County of Franklin, and City of Whitehall.

1

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant Transworld Systems, Inc. d/b/a North Shore Agency ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal cellular telephone services (the "Debt").

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11.     Upon information and good-faith belief, thereafter, but before August 30, 2012, Sprint placed the Debt with Defendant for the purpose of initiating debt-collection activities.

12.     In connection with the collection of the Debt, Defendant sent Plaintiff initial written communication dated August 30, 2012, that provided the notices required by 15 U.S.C. § 1692g *et seq*.  (See August 30, 2012 Correspondence, attached as Exhibit A).

13.     In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated September 11, 2012 that stated, in relevant part:

### PROTECT YOUR CREDIT

\* \* \* \*

> If this matter remains unresolved, Sprint may request this delinquency be reported to one or more national credit bureaus in the future.  This could affect your ability to secure credit.  Respond to this collection matter.

> ***Mail full payment for $136.27, <u>made payable to Sprint</u>.***

(See September 11, 2012 Correspondence, attached as Exhibit B) (emphasis in original).

14.     In response, Plaintiff sent Defendant written communication dated September 21, 2012 demanding that Defendant cease and desist from any and all attempts to collect the Debt.  (See September 21, 2012, attached as Exhibit C).

15.     On or about September 22, 2012, Plaintiff made a payment in the amount of $136.27 directly to Sprint.  (See Sprint Statement, attached as Exhibit D).

16.     Defendant's September 11, 2012 communication overshadowed the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq*., during the thirty-day dispute period, by threatening that the Debt may be reported on Plaintiff's credit report, compelling Plaintiff to make a payment in the amount of $136.27 to Sprint.

17.     Upon information and good-faith belief, Defendant received Plaintiff's September 21, 2012 correspondence on or about September 28, 2012.

18.     Despite receipt of Plaintiff's cease and desist demand, Defendant sent Plaintiff written communication dated December 6, 2012 that provided an alleged balance due in the amount of $338.97, and demanded immediate payment of the same. (See December 6, 2012 Correspondence, attached as Exhibit E).

19.     Despite receipt of Plaintiff's cease and desist demand, Defendant sent Plaintiff written communication dated December 18, 2012 that provided an alleged balance due in the amount of $338.97, and demanded immediate payment.  (See December 18, 2012 Correspondence, attached as Exhibit F).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(c)

20.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

4

21.    Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(b)

22.    Plaintiff repeats and re-alleges each and every factual allegation contained above.

23.    Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq*., during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

24. Plaintiff is entitled to and hereby demands a trial by jury.

This 6th day of February, 2013.

LAW OFFICES OF RONALD S. WEISS

/s/ Ronald S. Weiss
Ronald S. Weiss
Ohio Bar No. 0076096
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*
*Co-counsel with Weisberg & Meyers, LLC*

**Correspondence address**

Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012